IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HOLLIE A. GRUBB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-0641-CV-W-NKL-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

O R D E R

Plaintiff Hollie A. Grubb ("Grubb") challenges the Social Security Commissioner's ("Commissioner") denial of her application for disability and disability insurance benefits under Titles II and XVI of the Social Security Act, as amended. Grubb has exhausted her administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Grubb argues that the record does not support the ALJ's finding that she was not under a disability because the administrative law judge ("ALJ"): (1) failed to consider her borderline intellectual functioning a "severe" impairment at step two of the sequential evaluation process; (2) erred in assessing Gray's residual functional capacity ("RFC"); and (3) erred in determining that Grubb could perform work existing in significant numbers in the national economy. The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary.[1] Because the Court

---

[1] Portions of the parties' briefs are adopted without quotation designated.

1

finds that the ALJ erred in failing to consider Grubb's borderline intellectual functioning to be a "severe" impairment, the Court grants Grubb's Petition in part, and reverses and remands the ALJ's decision for further proceedings consistent with this order.

**I.  Overview**

Grubb filed her application for disability benefits on May 18, 2005, at age 41. Her application was denied. After hearings on July 9, 2007 and February 8, 2008, an ALJ found Grubb not under a disability as defined by the Social Security Act. The Appeals Council of the Social Security Administration denied Grubb's request for review of the ALJ's decision on August 26, 2008, making the decision of the ALJ the final decision of the Commissioner. Grubb filed her complaint with this Court on September 4, 2008.

On July 9, 2007, the ALJ continued the hearing to obtain consultative examinations. Dr. C. William Breckenridge performed a psychological consultative examination of Grubb on September 8, 2007. Dr. Breckenridge administered the Wechsler Adult Intelligence Scale-Third Edition and the Wechsler Memory Scale-Third Edition. He reported that Grubb's full-scale I.Q. score of 74 placed her in the borderline range of mental retardation and was in the fourth percentile. Dr. Breckenridge diagnosed Grubb with borderline intellectual functioning, among other things.

**II.  Discussion**

    **A.  Standard of Review**

In reviewing the Commissioner's denial of benefits, the Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Travis v.*

*Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007). The Court will uphold the denial of benefits so long as the ALJ's decision falls within the available "zone of choice." *See Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). "An ALJ's decision is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." *Id.* (quoting *Nicola*, 480 F.3d at 886).

The Commissioner's regulations governing determinations of disability establish a five-step sequential evaluation process which ALJs must use in assessing disability claims. *See* 20 C.F.R. §§ 404.1520; 416.920 (2008). In the first three steps of the process, the Commissioner determines whether the claimant is engaged in substantial gainful activity, whether he or she has a medically determinable impairment that is "severe" under the meaning of the Act, and whether the claimant suffers from an impairment that meets or equals any impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, a claimant must establish that he or she is not able to return to his or her past relevant work. *Id. See also, e.g.*, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). If the claimant establishes that he or she is unable to return to past relevant work, the burden shifts to the Commissioner to show that the claimant can perform work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520; 416.920 (2007). The Commissioner may meet this step five burden by relying on the medical-vocational guidelines (guidelines) or on vocational expert ("VE") testimony.

### B. The ALJ's Decision

The ALJ determined under step one that Grubb had not engaged in substantial gainful activity since her alleged onset date of October 30, 2004. Under step two, the ALJ found that Grubb had the severe impairments of lumbago with mild sciatica, morbid obesity, hypertension, hypertriglyceridemia, tobacco abuse, and hearing loss in the right ear. The ALJ recognized that Grubb had been diagnosed with borderline intellectual functioning but determined it to be a non-severe impairment. Under step three, the ALJ determined that none of Grubb's impairments met or was equivalent to a listed impairment. Based upon that RFC and VE testimony, the ALJ determined at step four that Grubb is unable to perform any of her past relevant work. However, at step five, also based upon the RFC and the VE's testimony, the ALJ determined that there were jobs existing in significant numbers in the national economy that Grubb could perform. Therefore, the ALJ found Grubb not disabled.

### C. Grubb's Borderline Intellectual Functioning

Grubb argues that the ALJ failed to consider her borderline intellectual functioning as a "severe impairment" at step two of the sequential evaluation process, that the ALJ's assessment of her RFC was in error, that the ALJ's determination that she could perform work in the national economy at step five was in error and, therefore, that the ALJ's finding that she was not disabled was not supported by substantial evidence. Because the Court finds that the ALJ's failure to consider Grubb's borderline intellectual functioning severe was in error, the Court does not reach Grubb's arguments with respect to the ALJ's RFC assessment or step five determination.

Grubb argues that the ALJ erred in failing to consider her borderline intellectual functioning as a severe impairment at step two of the sequential evaluation process. In her opinion, the ALJ did not list Grubb's borderline intellectual functioning as a severe impairment in her step two analysis. As noted above, Dr. Breckenridge diagnosed Grubb with borderline intellectual functioning. The ALJ did not indicate that she disagreed with Dr. Breckenridge's diagnosis, and recognized that Grubb had the impairment of borderline intellectual functioning in her step two analysis, but determined it to be non-severe. *See* ALJ's Decision at 4. In *Nicloa v. Astrue*, the Eighth Circuit Court of Appeals held that "[a] diagnosis of borderline intellectual functioning should be considered severe when the diagnosis is supported by sufficient medical evidence" and that where there is such evidence in the record, the failure to consider borderline intellectual functioning as a severe impairment in step two of the sequential evaluation process is reversible error. 480 F.3d at 887. The ALJ erred in failing to consider Grubb's borderline intellectual functioning to be a severe impairment.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Grubb's Petition [Docs. ## 5, 12] is GRANTED IN PART. The decision of the ALJ is REVERSED and the case is REMANDED for further consideration consistent with this ORDER.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: April 28, 2009
Jefferson City, Missouri